UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **CECILIA RUIZ GONZALEZ** an individual, **ARMANDO RUIZ GONZALEZ** an individual, Plaintiffs, v. **TAQUERIA EL TEXANO LLC** a Domestic Profit Corporation, **GLORIA GALVEZ ,**an individual, **ARAMANDO GARZA,** an individual jointly and severally Defendants | Hon. Case No. |
| **AVANTI LAW GROUP, PLLC** Robert Anthony Alvarez (P66954) Victor M. Jimenez Jr. (P85194) Attorneys for Plaintiff 600 28th St. SW Wyoming, MI 49509 (616) 257-6807 ralvarez@avantilaw.com vjimenez@avantilaw.com | |

**PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND**

NOW COMES Plaintiffs, by and through their attorneys at the Avanti Law Group, PLLC, and in their Original Complaint state as follows:

1. This is a civil action brought on behalf of Plaintiffs to recover for Defendants' willful and knowing violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 *et seq*. and the Improved Workforce Opportunity Wage Act ("IWOWA"), M.C.L. §408.931 *et seq*., and a Breach of Contract between Plaintiffs and Defendants.

2. During the relevant time period, Defendants failed to pay Plaintiffs the minimum wage for all hours worked.

1

3. During the relevant time period, Defendants failed to pay Plaintiffs overtime at the rate of one and one-half times their regular rate for hours worked in excess of forty (40) hours during a workweek.

4. Plaintiffs seek a declaration that their rights were violated, an award of unpaid minimum and overtime wages, an award of liquidated damages, and an award of attorney's fees and costs.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

6. This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367.

7. Supplemental jurisdiction is appropriate because Plaintiffs' state law claims share a common nucleus of operative fact with Plaintiffs' federal claims and the claims are most efficiently resolved together in one court.

8. Employees of Defendant Taqueria El Texano LLC ("TEL") were either 1) engaged in commerce; or 2) engaged in the production of goods for commerce; or 3) employed in an enterprise engaged in commerce or in the production of goods.

9. Plaintiffs were engaged in commerce either through 1) work related to the actual movement of commerce; 2) work that regularly uses the channels of commerce; or 3) work related to the instrumentalities of commerce.

10. Defendant TEL annual gross volume of sales made or business done is not less than $500,000.

11. Defendant TEL employs more than two persons.

12. Defendant TEL is and was at all times relevant incorporated in the State of Michigan and has a principal place of business located in Tree Rivers, Michigan within the United States Judicial District of the Western District of Michigan.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this Complaint occurred in this District.

## PARTIES

14. Plaintiff Cecilia Ruiz Gonzalez (hereinafter referred to as "Cecilia") is an individual who at all times relevant to this complaint resides in the County of Kalamazoo, State of Michigan.

15. Plaintiff Armando Ruiz Gonzalez (hereinafter referred to as " Armando") is an individual who at all times relevant to this complaint resides in the County of Kalamazoo, State of Michigan

16. Plaintiffs executed consents to sue forms, attached hereto as *Exhibit A*.

17. Defendant Taqueria El Texano LLC (hereinafter referred to as "TEL") is a domestic profit corporation whose registered office is located at 718 S. Main St. Tree Rivers Michigan 49093.

18. Defendant TEL is a Mexican restaurant and food truck establishment.

19. Defendants Gloria Galvez and Armando Garza are at all relevant times to this complaint, set Plaintiff's schedule, directed Plaintiff's activities at work, set Plaintiffs' rate of compensation, and was responsible for compensating Plaintiffs.

20. Defendants employed Plaintiffs within the meaning of 29 U.S.C. § 203(g).

**GENERAL ALLEGATIONS**

21. Plaintiff Cecilia worked for Defendant from approximately June 2023 through April 08, 2024.

22. Cecilia worked for Defendants food truck from approximately June 2023 to February 7, 2023.

23. Plaintiff Armando worked for Defendants from approximately March 2024 through April 08, 2024.

24. Cecilia's job responsibilities include but are not limited to: preparing the ingredients, cooking the protein for the day, making chips, restocking the line when needed, and cleaning up at the end of service.

25. Armando's job responsibilities included but were not limited to: preparing the vegetables, cleaning the bathrooms, setting up the dining area, sweeping and vacuuming, organizing the merchandise, washing dishes, and would help with food service as well.

26. Cecilia worked Tuesday through Sunday as early as 5 a.m. and as late as midnight, and when working at the food truck she would work Monday through Saturday as early as 5 am and as late as 8 pm. Averaging a 90-hour work week.

27. Armando worked from Tuesday through Sunday as early as 10 a.m. and as late as 10 p.m., averaging an 85 hours work week.

28. Plaintiffs were compensated in cash and were to be paid on a weekly basis, but there was no set schedule for when they would receive their compensation.

29. Cecelia was compensated on a salary of $650 per week, with an increase in compensation when she began working at the Restaurant.

30. Plaintiffs were promised a compensation of $800 per week, but their compensation was never that. It would vary from $650 a week to $700 at times.

31. Around October 2023 Cecilia loaned Defendants $4,000.00 for the restaurant.

32. It was agreed between the parties that the loan was to be paid back within three months.

33. Three months passed and Plaintiff did not receive her $4,000.00, Plaintiff inquired about when she would receive her money back, which she informed that Defendants did not have any money.

34. Plaintiffs were not compensated at a rate no less than one and one half their regular hourly rate for hours worked over forty (40) in a workweek.

35. Defendants did not compensate Plaintiffs for all hours worked as required by the FLSA.

36. Defendants did not compensate Plaintiff for all hours worked as required by the IWOWA.

37. Defendants did not compensate Plaintiffs at a rate of one and one-half times their regular hourly rate for all hours worked over forty (40) hours per week as required by the FLSA.

38. Defendants did not compensate Plaintiffs at a rate of one and one-half times their regular hourly rate for all hours worked over forty (40) hours per week as required by the IWOWA.

## WILLFUL VIOLATIONS OF THE FLSA

39. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs at the mandated minimum wage rate for all hours worked, when Defendants knew or should have known such was due and that non-payment of wages would financially injure Plaintiffs.

40. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs at the statutory overtime rate of one and one-half

5

times their regular rate for all hours worked in excess of forty (40) hours per week, when Defendants knew or should have known such was due and that non-payment of overtime wages would financially injure Plaintiffs.

41. Defendants are sophisticated business and individuals with the knowledge and expertise to know that the payment structure of Plaintiffs was and is impermissible under the FLSA.

42. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to their unpaid minimum and overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 et seq., FAILURE TO PAY STATUTORY MINIMUM WAGE

43. Plaintiffs hereby incorporate by reference all previous paragraphs as if fully stated herein.

44. At all relevant times to this action, Defendants have been "employer[s]" within the meaning of the FLSA, 29 U.S.C. § 203.

45. At all relevant times to this action, Plaintiffs were an "employee" of Defendants as the term is defined under the FLSA.

46. At all times relevant to this action, Defendants "suffered or permitted" Plaintiffs to work and thus "employed" Plaintiffs within the meaning of the FLSA, 29 U.S.C. §203(g).

47. The FLSA requires an employer to pay employees the federally mandated minimum wage for all hours worked, 29 U.S.C. § 206-207.

48. Defendants failed to compensate Plaintiffs the mandated minimum wage for all hours worked.

49. As a result of the violation, Plaintiffs are entitled to their unpaid outstanding and minimum wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

**COUNT II**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 et seq., FAILURE TO PAY OVERTIME**

50. Plaintiffs hereby incorporate by reference all previous paragraphs as if fully stated herein.

51. At all relevant times, Defendants have been "employer[s]" within the meaning of the FLSA, 29 U.S.C. § 203.

52. At all relevant times, Plaintiffs were an "employee" of Defendants as the term is defined under the FLSA.

53. At all times relevant to this action, Defendants "suffered or permitted" Plaintiffs to work and thus "employed" Plaintiffs within the meaning of the FLSA, 29 U.S.C. §203(g).

54. The FLSA requires an employer to pay employees the federally mandated minimum wage as well as an overtime premium rate of one and one-half times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek, 29 U.S.C. §206.

55. By failing to compensate Plaintiffs at a rate not less than one and one-half times their regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendants violated the FLSA, 29 U.S.C. § 201, *et seq.*, including 29 U.S.C. § 206(a)(1), § 207(a)(1) and § 215(a).

56. Plaintiffs were not paid at the rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours in a workweek.

57. Defendants' violations of the FLSA were knowing and willful.

58. The FLSA, 29 U.S.C. §216(b), provides that as a remedy for a violation of the FLSA an employee is entitled to their unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

59. As a result of Defendants' violation, Plaintiffs are entitled to their unpaid overtime wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

## COUNT III
## VIOLATION OF MICHIGAN'S WORKFORCE OPPORTUNITY WAGE ACT, M.C.L. § 408.411 et seq. FAILURE TO PAY MINIMUM WAGE

60. Plaintiffs hereby incorporate by reference all previous paragraphs as if fully stated herein.

61. The Improved Workforce Opportunity Wage Act ("IWOWA"), makes it unlawful for an employer to pay an employee less than what is prescribed in the statute. M.C.L. § 408.931, *et seq*.

62. At all relevant times, Defendants have been "employer[s]" within the meaning of the IWOWA, M.C.L. § 408.931, *et seq*.

63. At all relevant times, Plaintiffs were an "employee" within the meaning of the IWOWA, M.C.L. § 408.931, *et seq*.

64. The IWOWA requires an employer to pay employees the state mandated minimum wage for every hour worked in a work week. M.C.L. § 408.931

65. By failing to compensate Plaintiffs at the state mandated minimum wage for hours worked, Defendants have violated the IWOWA, M.C.L. § 408.931, *et seq*.

66. As a result of Defendants' violations, Plaintiffs are entitled to their unpaid outstanding and minimum wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

**COUNT IV**
**VIOLATION OF THE IMPROVED WORKFORCE OPPORTUNITY WAGE ACT,**
**M.C.L. §408.931 *et seq.*,**
**FAILURE TO PAY OVERTIME**

67. Plaintiffs hereby incorporate by reference all previous paragraphs as if fully stated herein.

68. The Improved Workforce Opportunity Wage Act ("IWOWA"), makes it unlawful for an employer to pay an employee less than what is prescribed in the statute. M.C.L. § 408.933.

69. At all relevant times, Defendants have been "employer[s]" within the meaning of the IWOWA, M.C.L. § 408.932(d).

70. At all relevant times, Plaintiffs were an "employee" within the meaning of the IWOWA, M.C.L. § 408.932(c).

71. At all relevant times, Defendants "engage[ed], suffer[ed], or permitt[ed]" Plaintiff to work and thus Plaintiff was "employ[ed]" by Defendants within the meaning of the IWOWA, M.C.L. § 408.932(b).

72. The IWOWA requires an employer to pay employees the state mandated minimum wage for every hour worked in a workweek as well as an overtime premium rate of one and one-half times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek, M.C.L. § 408.934, M.C.L. § 408.934a(1).

73. By failing to compensate Plaintiffs at a rate not less than one and one-half times their regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendants violated the IWOWA, M.C.L. § 408.931, *et seq*.

74. As a result of Defendants' violations, Plaintiffs are entitled to their unpaid outstanding and minimum wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

## COUNT V
## BREACH OF CONTRACT

75. Plaintiffs reallege and incorporate herein the previous allegations as if fully restated.

76. Plaintiff Cecillia was asked to lend the Defendants $4,000.00 for the restaurant.

77. On October 2, 2023 Plaintiff Cecila lent the Defendants $4,000.00 and agreed that she would be paid back in 3 months.

78. When Plaintiff inquired about her repayment, she was informed that they did not have any money.

79. Defendants failed to repay Plaintiff in the agreed amount of time.

80. Plaintiff Cecilia upheld her end of the contract in rendering the $4,000 to Defendant for the benefit of their restaurant.

81. Defendants failed to uphold their end of the agreement and therefore in breach of the parties' agreement.

82. Plaintiff Cecilia is entitled to actual and foreseeable damages as a result of Defendants' breach of contract.

## COUNT VI
## UNJUST ENRICHMENT

83. Plaintiffs reallege and incorporate herein the previous allegations as if fully restated.

84. In addition to breaching the Contract, Defendants have been unjustly enriched by receiving the benefit of Plaintiff's $4,000.00 for the benefit of their restaurant.

85. Despite Plaintiff Cecilia's fulfillment of her obligation under the Contract, Defendants unjustly and wrongfully withheld her money and did not repay her within the agreed-upon time, thereby unjustly enriching themselves by retaining the financial benefit of Plaintiff's money.

86. As a result of Defendants' unjust enrichment, Plaintiff Cecilia suffered significant financial losses and was deprived of the compensation rightfully owed under the Contract.

87. Furthermore, as a result of Defendants unjust enrichment, Plaintiff Cecilia has suffered significant costs in performing their end of the bargain under the agreed-upon Contract.

88. Plaintiff Cecilia is entitled to restitution of the reasonable value of the services provided.

89. Plaintiff Cecilia suffered financial harm as a result of Defendants' unjust enrichment, and Defendants should be required to compensate Plaintiffs for this harm.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests the following relief:

A. The actions of the Defendants complained of herein be adjudicated, decreed, and declared a breach of their obligations under the FLSA;

B. The actions of the Defendants complained of herein be adjudicated, decreed, and declared a breach of their obligations under the IWOWA;

C. Defendants be ordered to pay Plaintiff his unpaid wages together with an equal amount in liquidated damages;

D. Order Defendants to pay all other incidental and consequential damages which are a result of Defendants' breach of contract;

E. Defendants be ordered to pay Plaintiff's costs and reasonable attorney fees pursuant to the FLSA;

F. Defendants be ordered to pay Plaintiff's costs and reasonable attorney fees pursuant to the IWOWA; and

G. The Court grants such other and further relief as the Court may deem just or equitable.

Respectfully Submitted,

*/s/   Robert Anthony Alvarez*            .
Robert Anthony Alvarez (P66954)
Attorney for Plaintiff
Avanti Law Group. PLLC

### REQUEST FOR TRIAL BY JURY

NOW COMES Plaintiff, by and through their attorney, and hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully Submitted,

*/s/   Robert Anthony Alvarez*            .
Robert Anthony Alvarez (P66954)
Attorney for Plaintiff
Avanti Law Group. PLLC

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

Date: 15 - Julio - 2024      /s/ _____
                             Cecilia Ruiz Gonzalez

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

Date: 15 - Julio 2024      /s/ _____

Armando Ruiz Gonzalez