UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

Cecilia Ruiz Gonzalez, et al.,

    Plaintiffs,

v.

Taqueria El Texano, LLC,
et al.,

    Defendants.

_____/

Hon. Jane M. Beckering

Case No. 1:24-cv-0967

**REPORT AND RECOMMENDATION**

    This matter is before the Court on Plaintiffs Cecilia Ruiz Gonzalez and Armando Ruiz Gonzalez's motion for default judgment against Defendants Taqueria El Texano, LLC; Gloria Galvez; and Armando Garza. (ECF No. 16). Defendants did not respond to the motion. The undersigned judicial officer finds, based on the verified complaint and the evidence provided, that an evidentiary hearing is unnecessary. *Cf. Vesligaj v. Peterson*, 331 F. App'x 351, 354-55 (6th Cir. 2009) (citing *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989) ("[I]t was not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in a default judgment.")).

    Having considered the motion, the accompanying brief and the supporting affidavits, and for the reasons articulated herein, the undersigned recommends that the motion be granted. The undersigned further recommends that the Court enter

judgment against Defendants, jointly and severally, in the amount of $42,736.70 to be paid to Plaintiff Cecilia Ruiz Gonzalez and Armando Ruiz Gonzalez in the amounts of $40,826.30 and $1,910.40, respectively.

## Background and Procedural History

Plaintiffs initiated the present action on September 16, 2024, claiming Defendants violated the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et. seq.*, as well as Michigan's Improved Workforce Opportunity Wage Act (MIWOWA), MCL § 408.931, *et seq.*, by failing to pay them minimum wage and overtime. (Compl., ECF No. 1, PageID.6-9). Plaintiff Cecilia Gonzalez also brings breach of contract and unjust enrichment claims against Defendants, based on a $4,000.00 business loan she made to Defendants that was never repaid. (*Id.* at PageID.10-11). On December 13, 2024, the Court granted Plaintiffs' motion for alternative service and to extend time for service of the summons. (ECF No. 8). In compliance with that Order, the summons and complaint were published in the Grand Rapids Press for three consecutive weeks on March 12, March 19, and March 26, 2025. (ECF No. 9). Copies of the summons and complaint were also served by first-class mail on Defendants Gloria Galvez and Armando Garza at their last known addresses on March 24 and April 24, respectively. (ECF No. 11, 10).

Defendants have failed to answer or otherwise respond to the complaint. On May 21, 2025, Plaintiffs applied for entry of default, pursuant to Federal Rule of Civil Procedures 55(a). (ECF No. 13). The Clerk of Court entered the default the next day. (ECF No. 14).

On July 6, 2025, Plaintiffs filed a motion for default judgment against all defendants. (ECF No. 16). Plaintiff Cecilia Ruiz seeks a total of $40,826.30 in damages, including $18,413.15 in back pay for unpaid minimum wage and overtime, $18,413.15 in liquidated damages, and $4,000 for breach of contract (repayment of the business loan). (ECF No. 16-2, 16-3). Plaintiff Armando Ruiz Gonzalez seeks a total of $1,910.40 in damages, including $955.20 in back pay for unpaid minimum wage and overtime, and $955.20 in liquidated damages. (*Id.*). Defendants have failed to respond.

## Discussion

Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." There is no question here that Defendants, having been properly served, have failed to answer or otherwise respond to the complaint. Accordingly, they are in default.

As to their unopposed default judgment motion, Plaintiffs rely on their verified complaint (ECF No. 1), as well as affidavits and spread sheets filed with the motion (ECF No. 16-2, PageID.61-63, 65-66; 16-3, PageID.68-69), to support their claims. These provide sufficient evidence upon which to find in favor of Plaintiffs on all four claims. *See, e.g., United States v. Glock GMBH 43, 9MM Firearm,* Case No. 4:25-cv-1231, 2025 WL 2676566, at *3 (N.D. Ohio Sept. 18, 2025). "It is well-established that once a default is entered against a defendant, that party is deemed to have admitted

all of the well-pleaded allegations in the complaint pertaining to liability." *Kwik-Sew Pattern Co., Inc. v. Gendron*, Case No. 1:08-cv-0309, 2008 WL 4960159, at *1 (W.D. Mich. Nov. 19, 2008) (citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110-11 (6th Cir. 1995)).

Having reviewed the evidence submitted, the undersigned is also satisfied that Plaintiffs have established their entitlement to an award of lost minimum wage and overtime pay, and that Plaintiffs have submitted sufficient proof to establish with reasonable certainty the damages claimed, including the amount of the lost minimum wage and overtime pay, as well as the amount of the business loan in question. *See* FED. R. CIV. P. 55(b)(2). Plaintiff Cecilia Ruiz Gonzalez worked for Defendants at their food truck from June 2023 through February 2024, and she worked at their restaurant thereafter until her employment ended on April 8, 2024. (Affidavit of Cecilia Ruiz at ¶¶ 2-4, ECF No. 16-3, PageID.69). She has documented lost minimum wage and overtime pay in the amounts of $10,800.00 for the period June through December 2023, $3,064.00 for the period of January and February 2024, and $4,549.15 for five weeks she worked at the restaurant. (ECF No. 16-2, PageID.65). Plaintiff Cecilia Gonzalez gave Defendants a $4,000.00 business loan in October 2023 in exchange for their promise to repay the loan from business earnings, none of which has been repaid. (Affidavit of Cecilia Ruiz at ¶¶ 9-12). Plaintiff Armando Gonzalez worked at Defendants' restaurant for four weeks during March and April 2024. (Affidavit of Armando Gonzalez at ¶¶ 2-4, ECF No. 16-3, PageID.68). He has

documented lost minimum wage and overtime pay in the amount of $955.20. (ECF No. 16-2, PageID.66).

Inasmuch as Defendants have failed even to assert the good faith defense, Plaintiffs are entitled to liquidated damages. *See* 29 U.S.C. § 216(b); *see also Elwell v. University Hospitals Home Care Services*, 276 F.3d 832, 840-41 (6th Cir. 2002) (a Court abuses its discretion by not awarding liquidated damages in the absence of a showing by the employer that its violation of the FLSA was based on a reasonable, good faith interpretation of the Act). This requires the Court to award Plaintiff Cecilia Gonzalez an additional amount of $18,413.15 in liquidated damages, and Plaintiff Armando Gonzalez an additional amount of $955.20 in liquidated damages, bringing the total FLSA and MIWOWA award to $38,736.70. Plaintiff Cecilia Gonzalez is also entitled to recover the $4,000.00 she gave Defendants as a business loan.

Accordingly, the undersigned judicial officer recommends that the Court grant Plaintiffs' motion for default judgment and enter judgment in favor of Plaintiffs and against Defendants Taqueria El Texano, LLC; Gloria Galvez; and Armando Garza, jointly and severally, in the amount of $40,826.30 for Plaintiff Cecilia Gonzalez and $1,910.40 for Plaintiff Armando Gonzalez.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                      Respectfully submitted,

Date: October 28, 2025                             /s/ Phillip J. Green
                                                          PHILLIP J. GREEN
                                                          United States Magistrate Judge