UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CECILIA RUIZ GONZALEZ, et al.,

       Plaintiffs,

                                  Hon. Jane M. Beckering

v.

                                  Case No. 1:24-cv-0967

TAQUERIA EL TEXANO, LLC, et al.,

       Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiffs' petition for attorney fees and costs.  (ECF No. 21, 22).  The petition relates to the default judgment entered in their favor and against all Defendants on November 19, 2024.  (ECF No. 20). Defendants have not responded to the petition.  Having considered the petition and the supporting documents, and for the reasons stated herein, the undersigned judicial officer recommends that the petition be granted in full.

## Procedural Background

Plaintiffs initiated the present action on September 16, 2024, claiming Defendants violated the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et. seq., as well as Michigan's Improved Workforce Opportunity Wage Act (MIWOWA), MCL § 408.931, et seq., by failing to pay them minimum wage and overtime.  (Compl., ECF No. 1, PageID.6-9).  Plaintiff Cecilia Gonzalez also brought breach of contract and unjust enrichment claims against Defendants, based on a $4,000.00 business

loan she made to them that was never repaid.   (*Id*. at PageID.10-11).   On December 13, 2024, the Court granted Plaintiffs' motion for alternative service and to extend time for service of the summons.   (ECF No. 8).   In compliance with that Order, the summons and complaint were published in the Grand Rapids Press for three consecutive weeks on March 12, March 19, and March 26, 2025.   (ECF No. 9). Copies of the summons and complaint were also served by first-class mail on Defendants Gloria Galvez and Armando Garza at their last known addresses on March 24 and April 24, respectively.   (ECF No. 11, 10).

Defendants failed to answer or otherwise respond to the complaint. Accordingly, on May 21, 2025, Plaintiffs applied for entry of default pursuant to Federal Rule of Civil Procedure 55(a).   (ECF No. 13).   The Clerk of Court entered the default the next day.   (ECF No. 14).

On July 6, 2025, Plaintiffs filed a motion for default judgment against all Defendants.   (ECF No. 16).   Plaintiff Cecilia Ruiz sought a total of $40,826.30 in damages, including $18,413.15 in back pay for unpaid minimum wage and overtime, $18,413.15 in liquidated damages, and $4,000 for breach of contract (repayment of the business loan).   (ECF No. 16-2, 16-3).   Plaintiff Armando Ruiz Gonzalez sought a total of $1,910.40 in damages, including $955.20 in back pay for unpaid minimum wage and overtime, and $955.20 in liquidated damages.   (*Id*.).   Defendants failed to respond.   On October 28, 2025, the undersigned judicial officer recommended that the motion for default judgment be granted in full.   (ECF No. 18).   Again, Defendants failed to respond.   On November 19, 2025, the Court approved and

-2-

adopted the recommendation (ECF No. 19), and it entered judgment on the same day (ECF No. 20).

Plaintiffs filed their petition for attorney fees and costs on December 3, 2025. (ECF No. 80).    Plaintiffs seek $4,050.00 in attorney's fees, $2,484.00 in paralegal fees, and $1,934.68 in costs.    Defendants have not responded.

### Analysis

Plaintiff's fee petition is effectively unopposed.    Nevertheless, the Court will review the reasonableness of the fees and costs requested.

The Supreme Court has explained that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."    *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).    This is the "lodestar method" of calculation. *See Perdue v. Kenny A.*, 559 U.S. 542, 546 (2010); *Isabel v. City of Memphis*, 404 F.3d 404, 415 (6th Cir. 2005); *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000).[1]    The party seeking an award of fees bears the burden of proving its request is reasonable.    *See, e.g., Gonter v. Hunt Valve Co., Inc.*, 510 F.3d 610, 617 (6th Cir. 2007).

---

[1] The Sixth Circuit "rel[ies] on precedents involving attorney fees without regard to whether they involved Title VII or some other federal statute."    *Isabel*, 404 F.3d at 415.

<u>The Reasonable Hourly Rate</u>

The Court begins this analysis by determining a reasonable hourly rate. "Ordinarily, courts look to '[rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.' " *Hadix v. Johnson*, 65 F.3d 532, 536 (6th Cir. 1995) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)).   There is a presumption in favor of the community market rates. *See, e.g., Blum*, 465 U.S. at 895 ("'[R]easonable fees' . . . are to be calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or nonprofit counsel."); *Adcock-Ladd*, 227 F.3d at 350 ("A trial court, in calculating the 'reasonable hourly rate' component of the lodestar computation, should initially assess the '*prevailing market rate in the relevant community*.' " (quoting *Blum*, 465 U.S. at 895)) (emphasis in *Adcock-Ladd*); *Coulter v. Tennessee*, 805 F.2d 146, 149 (6th Cir. 1986) ("We . . . apply the principle that hourly rates for fee awards should not exceed the market rates necessary to encourage competent lawyers to undertake the representation in question.").   The "community market rule" has the "principle virtue of being the easiest way to cope with the 'inherently problematic' task of ascertaining a reasonable fee in a situation where 'wide variations in skill and reputation render the usual laws of supply and demand inapplicable[.]' "   *Hadix*, 65 F.3d at 536 (quoting *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990)).

Plaintiff seeks hourly rates of $450.00 for their attorney and $135.00 for a paralegal.   The Court finds both of these rates reasonable.

The Court has reviewed the 2023 edition of the State Bar of Michigan's Economics of Law Survey (Michigan Bar Survey) for rates charged by attorneys in Michigan. *See* www.michbar.org/file/pmrc/pdfs/2_2023EOL_SurveyResults.pdf (last viewed Jan. 26, 2026). The Michigan Bar Survey is an acceptable source. *See Wells v. Corporate Accounts Receivable*, 683 F. Supp.2d 600, 603 (W.D. Mich. 2010) (citing *O'Connor v. Trans Union, LLC*, No. 05-cv-74498, 2008 WL 4910670, *6 (E.D. Mich. Nov. 13, 2008)). "District courts have relied on the State Bar of Michigan . . . Economics of Law Practice Survey to determine average billing rates in Michigan, and the Sixth Circuit has approved this practice." *Wells*, 683 F. Supp.2d at 603 (citing *O'Connor*, 2008 WL 4910670, at *5 and *Lamar Advertising Co. v. Charter Twp. of Van Buren*, 178 F. App'x. 498, 501-02 (6th Cir. 2006)).

According to the Michigan Bar Survey, the 75th percentile of attorneys who have been in practice at least sixteen years charge an hourly rate of $425.00 (*see* Michigan Bar Survey at Table 4), and the 75th percentile of attorneys who practice in the Grand Rapids are charge an hourly rate of $450.00 (*see* Michigan Bar Survey at Table 6). This supports the requested $450.00 hourly rate requested for Mr. Alvarez, who has been in practice for more than twenty years and has gained extensive experience and expertise in litigating FLSA issues. (*See* ECF No. 22-1, PageID.88-90). The Court also finds reasonable the $135.00 hourly rate for the paralegal, particularly in light of a lack of opposition from Defendants.

### Hours Reasonably Expended

The next inquiry addresses the number of hours claimed.   Plaintiff seeks nine hours of attorney time and 18.4 hours of paralegal time.   (ECF No. 22-1, PageID.91).   Having reviewed the pleadings and other filings in this matter, the undersigned finds the time expended eminently reasonable.

Multiplying the requested hourly rates by the time expended results in an attorney fee award of $4,050.00, and a paralegal fee award of $2,484.00.

### Reasonable Costs

Plaintiffs seek reimbursement for $1,934.68 in costs.   (ECF No. 22-1, PageID.91).   These costs include the filing fee of $405.00 (ECF No. 22-2, PageID.101); $476.18 for printing and postage (*id.* at PageID.95-98); $833.50 in costs effecting service of the summons and complaint (*id.* at PageID.96); $212.10 in costs effecting alternate service (*id.*); and $7.90 for an ECF charge (*id.* at 101).   Given the circumstances of this case, including the complications in effecting service, the undersigned finds these costs reasonable.

Accordingly, the undersigned judicial officer recommends that the Court grant Plaintiffs' petition for fees and costs (ECF No. 21) in full.   The undersigned specifically recommends that the Court award Plaintiff $6,534.00 in fees and $1,934.68 in costs.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C).   Failure to file objections within the specified time waives the right to appeal the District Court's order.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: January 27, 2026

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge